FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEFINA C.,[1]<br>        Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | No. 1:19-cv-03276-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 15, and denies Defendant's motion, ECF No. 16.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP PROCESS FOR CHILDHOOD DISABILITY

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment(s) that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must then consider whether

ORDER - 3

the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments" (listings). 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

(1) Acquiring and using information:

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for self; and

(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a

ORDER - 4

limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).

## ALJ'S FINDINGS

On July 28, 2016, an application for supplemental security income benefits under Title XVI of the Social Security Act was filed on Plaintiff's behalf, alleging a disability onset date of May 12, 2016.[2]  Tr. 21.  The application was denied initially, and on reconsideration.  Tr. 158-64, 168-78.  Plaintiff and her mother, Maria Guadalupe G., appeared before an administrative law judge (ALJ) on March

---

[2] On August 18, 2011, a prior application for supplemental security income benefits was filed on behalf of Plaintiff, a child under age 18, with an alleged disability onset date of December 3, 2000.  Tr. 21.  The claim was denied initially on November 23, 2011, and upon reconsideration on January 25, 2012.  Tr. 21.  In June 2013, a hearing was held on the prior claim.  Tr. 21.  On November 20, 2013, a supplemental video hearing was held on the prior claim.  Tr. 21-22.  On January 9, 2014, the ALJ in the prior case issued a decision and found Plaintiff not disabled for the entire period of August 18, 2011, the application date, through the date of the decision.  Tr. 22, 84-111.  The Appeals Council denied Plaintiff's request for review.  Tr. 22, 112-19.  Plaintiff appealed and the District Court denied her motion for summary judgment.  Tr. 22, 120-36.

ORDER - 5

15, 2018. Tr. 48-83. On July 9, 2018, Plaintiff and her mother appeared by video before the same ALJ for a supplemental hearing. Tr. 530-43. On October 11, 2018, the ALJ denied Plaintiff's claim. Tr. 15-47.

The ALJ noted that Plaintiff was an adolescent on the date her application was filed as well as at the time of the hearing. Tr. 27. At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 28, 2016, the application date. Tr. 27. At step two, the ALJ found that Plaintiff had the following severe impairments: left developmental dysplasia of the hip with early arthritic changes, abductor fatigue pain, and leg length discrepancy status post treatment for late presenting hip dislocation and triple innominate osteotomy with a femoral varus derotational osteotomy. Tr. 27. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 27. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of the listings. Tr. 28. As a result, the ALJ concluded that Plaintiff had not been disabled, as defined in the Social Security Act, since July 28, 2016, the date the application was filed. Tr. 42.

ORDER - 6

On October 1, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-8, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

3. Whether the ALJ properly evaluated lay witness evidence; and

4. Whether the ALJ properly assessed the functional equivalence domains.

ECF No. 15 at 2.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinions of Perry Grossman, M.D., Klane White, M.D., and Kyle Heisey, M.D. ECF No. 15 at 9-15.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

ORDER - 7

*Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830–31. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

ORDER - 8

Perry Grossman, M.D., a pediatrician, testified as an impartial medical expert at Plaintiff's supplemental video hearing on July 9, 2018. Tr. 530-43. Dr. Grossman testified that Plaintiff had arthritis of her hip as a result of congenital dysplasia, and that she would have limitations in running, jumping rope, dancing, and participating in sports, especially team sports. Tr. 535, 537. Dr. Grossman also indicated that Plaintiff and her mother reported that Plaintiff had pain, which could affect her interest in doing things that she otherwise would not mind doing. Tr. 537. He testified that Plaintiff's impairment did not meet, medically equal, or functionally equal the listings. Tr. 537-39. He opined that Plaintiff had a marked limitation in the fourth domain involving moving about and manipulating objects, a less than marked limitation in the sixth domain involving health and physical well-being, and no limitations in the other domains. Tr. 538-39. Dr. Grossman emphasized that Plaintiff had thus far accommodated her impairment very well and recommended that in the future she find things that did not make her stand on her feet for very long. Tr. 540. The ALJ gave great weight to Dr. Grossman's opinion. Tr. 32.

Although the ALJ gave great weight to Dr. Grossman's opinion, he misstated and mischaracterized Dr. Grossman's opinion. Tr. 32. The ALJ erroneously determined that Dr. Grossman found no limitations in any of the domains except for less than marked limitations in domains four and six, which

ORDER - 9

involve moving about and manipulating objects and health and physical well-being. Tr. 32. In fact, Dr. Grossman found that Plaintiff had a marked limitation in domain four. Tr. 539. Defendant concedes "the ALJ mistakenly indicated" that Dr. Grossman found a less than marked limitation in domain four, but asserts that this error was harmless. ECF No. 16 at 9. Defendant contends that because Plaintiff did not have marked limitations in two of the functional domains, the ALJ's error was inconsequential to the disability determination. *Id.* (citing *Molina*, 674 F.3d at 1115). While Defendant is correct that Dr. Grossman ultimately concluded Plaintiff did not meet, equal, or functionally equal the listings, ECF No. 16 at 9 (citing Tr. 539), and he only found a marked limitation in the fourth domain, the ALJ erred in relying upon the mischaracterized version of Dr. Grossman's opinion when evaluating Plaintiff's symptom claims, the lay opinion evidence, the medical opinion evidence, and the functional equivalence domains. Tr. 31-36, 39-40, 539.

   This error is not harmless. An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ's erroneous interpretation of Dr. Grossman's opinion as to Plaintiff's limitations in moving about and manipulating objects led to further errors in weighing the

ORDER - 10

evidence and the opinions of record. First, the ALJ's error in evaluating Dr. Grossman's opinion led to discrepancies in weighing the other medical opinions in the record. Citing Dr. Grossman's "detailed and careful review of the longitudinal record," and noting that he "had the opportunity to consider additional evidence received after the State agency physical consultants['] assessments," the ALJ found that Dr. Grossman assigned the same domain ratings as the State agency physical consultants. Tr. 33. This is not so, as the State agency physical consultants found that Plaintiff had less than marked limitations in domains four and six, and no limitations in any of the other domains. Tr. 141-42, 151-52. Assigning great weight to the opinions of the State agency physical consultants, the ALJ determined that "[t]he convergence in these opinions with the subsequent longitudinal assessment adds greater persuasive effect to the State agency physical consultants' opinions." Tr. 33.

The ALJ also cited to Dr. Grossman's opinion when assigning little weight to Plaintiff's treating orthopedic physician, Klane White, M.D., and Plaintiff's treating family medicine physician, Kyle Heisey, M.D. Tr. 33-36. On January 26, 2018, Dr. White opined that Plaintiff had marked limitations in domains four, five, and six, which involve moving about and manipulating objects, caring for self, and health and physical well-being, and a less than marked limitation in domain three, which involves interacting and relating with others. Tr. 455-57. The ALJ

ORDER - 11

observed, "it is notable that the pediatric doctors of record, whose specialties are also within an area particularly relevant to [Plaintiff's] claim, did not find the same marked limitation as did Dr. White." Tr. 34. Dr. Heisey submitted a domain assessment on February 2, 2018, and provided the same functional domain assessments as Dr. Grossman. Tr. 458-60. Dr. Heisey opined that Plaintiff had a marked limitation in domain four, a less than marked limitation in domain six, and no limitations in the other domains. Tr. 458-60. Despite identifying functional domain assessments that were identical to those opined by Dr. Grossman, the ALJ determined that there was "some alignment" in the domain limitations asserted in Dr. Heisey's opinion and those of Dr. Grossman and the State agency physical consultants. Tr. 34. The ALJ gave great weight to the areas of Dr. Heisey's opinion that aligned with the opinions of Dr. Grossman and the State agency physical consultants, "due to consistency with the record including other opinion evidence and the other considerations highlighted above in the analyses of the weight given to the impartial medical expert and the State agency physical consultants' opinions." Tr. 34. However, the ALJ assigned little weight to Dr. Heisey's opinion in the areas where he found greater limitations than Dr. Grossman and the physical State agency consultants. Tr. 34. The ALJ gave some/partial weight to Dr. Heisey's disability evaluation from February 2, 2018, finding that his opinion was "supportive and generally consistent with the

ORDER - 12

assessment of the State agency physical consultants and the impartial medical expert that although she has less than marked limitation in moving about and manipulating objects and health and physical well-being, she does not meet, medically equal or functionally equal the listings." Tr. 35-36.

The ALJ's error goes beyond the evaluation of the medical opinion evidence. Next, the ALJ's error in evaluating Dr. Grossman's opinion led to discrepancies in considering Plaintiff's symptom claims and the lay opinion of Plaintiff's mother. Assigning partial weight to their allegations and hearing testimony, the ALJ determined, "[i]n particular, as explained their allegations are inconsistent with the lesser degree of limitation assessed by the State agency medical consultants and the impartial medical expert in their detailed and carefully considered longitudinal assessments." Tr. 31. Finally, the ALJ's mischaracterization of Dr. Grossman's opinion contributed to the ALJ's finding that Plaintiff had a less than marked limitation in domain four. Tr. 40. Specifically, the ALJ concluded that only a less than marked limitation was supported in domain four, in part because that finding was "consistent with the longitudinal assessments by the State agency medical consultants and the impartial medical expert." Tr. 40. Based on this record, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to properly characterize Dr. Grossman's fully credited opinion.

ORDER - 13

B.  **Other Challenges**

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence, Plaintiff's symptom testimony, lay witness statements, and the functional equivalence domains. ECF No. 15 at 3-21. However, as discussed *supra*, the ALJ's findings in these areas were all influenced by the ALJ's mischaracterization of Dr. Grossman's opinion as to Plaintiff's limitations in the ability to move about and manipulate objects. Because this case is remanded for the ALJ to properly consider Dr. Grossman's medical opinion, the Court declines to address Plaintiff's other challenge here. On remand, the ALJ is instructed to reconsider all of the medical opinions, reevaluate Plaintiff's symptom claims and the lay witness statements of Plaintiff's mother, analyze the functional equivalence domains based on the new evaluation, and conduct a new sequential analysis.

C.  **Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 15 at 2, 21; ECF No. 17 at 10-11. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v.*

ORDER - 14

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Even if the ALJ were to fully credit Dr. Grossman's properly characterized opinion, the evidence

ORDER - 15

would still present outstanding conflicts for the ALJ to resolve.  Specifically, State agency physicians Nevine Makari, M.D. and Nalini Gupta, M.D., opined that Plaintiff had a less than marked limitation in domain four, Tr. 141-42,151-52, and the ALJ gave these opinions great weight.  Tr. 33.  Further, Drs. White and Heisey both opined that Plaintiff a had marked limitation in domain four, Tr. 455-57, 458-60, and the ALJ gave these opinions little, some, and partial weight.  Tr. 34-36.  Therefore, further proceedings are necessary for the ALJ to reconsider all of the medical opinions based on a proper evaluation of Dr. Grossman's opinion.  On remand, the ALJ should reconsider all of the medical opinions, along with Plaintiff's symptom testimony and the lay witness statements of Plaintiff's mother, and reevaluate the functional domains.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

    1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

    2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

    3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social

ORDER - 16

Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED June 11, 2020.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 17